UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES W. DUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY, et al.,<br><br>    Defendants. | CASE NO. C16-5148 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Pierce County, Angela M. Steben, and Ara D. Steben's ("Defendants") motion to dismiss (Dkt. 7) and Plaintiff James Dunn's ("Dunn") motion for default (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On February 2, 2016, Dunn filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. A ("Comp."). Dunn asserts

ORDER - 1

1  causes of action for violations of his civil rights, false arrest, false imprisonment, and
2  intentional infliction of emotional distress.  *Id.*
3       On February 24, 2016, Defendants removed the matter to this Court.  Dkt. 1.
4       On March 2, 2016, Defendants filed a motion to dismiss.  Dkt. 7.  On March 21,
5  2016, Dunn responded.  Dkt. 10.  On March 25, 2016, Defendants replied.  Dkt. 11.
6       On March 29, 2016, Dunn filed a motion for default.  Dkt. 12.

## II. FACTUAL BACKGROUND

8       In his complaint, Dunn alleges that he was falsely arrested for cleaning up storm
9  debris on his property.  In March of 2014, a Pierce County judge issued a 30-foot
10 easement across Dunn's property so that Dunn's neighbors could access their property.
11 Dkt. 8, Declaration of Stephen Trinen ("Trinen Dec."), Exh. A.  The order states that
12 Dunn's neighbors, the Bowers, Cobbs, and Beltrames, are entitled to an injunction
13 against Dunn "from obstructing or otherwise unreasonably interfering with use by [the
14 neighbors] or their guests, invitees, or licensees of the 30 foot road easement."  *Id.*
15      Dunn alleges that on February 13, 2014, he was cleaning up yard debris from
16 recent storms.  Dunn claims that "[o]ne of the Bowers called the Pierce County Sheriff
17 and complained that the downed branches were placed on the gravel road by Dunn and
18 were obstructing the gravel easement road." Comp. ¶ 2.3.  Deputy Sheriff Steben
19 arrived, arrested Dunn for disorderly conduct, and transported Dunn to Pierce County
20 jail.  *Id.*, ¶ 2.4.  On February 19, 2014, the Pierce County prosecutor filed a criminal
21 complaint against Dunn and a declaration for determination of probable cause.  Trinen
22

Case 3:16-cv-05148-BHS   Document 13   Filed 04/15/16   Page 3 of 5

Dec., Exh. B. Although charges were brought, the charges were dismissed without prejudice before trial. *Id*., Exh. C. This case followed.

### III. DISCUSSION

**A.     Motion for Default**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). "It is undisputed that a motion challenging a complaint for failure to state a claim upon which relief can be granted falls squarely within the ambit of the phrase 'otherwise defend.'" *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993), *aff'd*, 39 F.3d 1188 (9th Cir. 1994).

In this case, Dunn asserts that Defendants are in default. Specifically, Dunn's attorney wrote Defendants' attorney stating as follows:

> You promised me an answer to our complaint by March 2. Instead you filed a motion to dismiss. As required by LCR 55 please consider this your 14 day notice to file an answer. If you do not, I will file a motion for an order of default.

Dkt. 12 at 11. Dunn's motion is based on the incorrect premise that Defendants' motion to dismiss does not constitute otherwise defending the action. Dunn's motion is frivolous and, therefore, denied.

**B.     Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, Defendants move to dismiss Dunn's complaint by proving their case on the merits.  A motion to dismiss for failure to state a claim is an inappropriate pleading to weigh facts because the Court is only charged with assessing the sufficiency of the complaint.  Defendants rely heavily on the "undisputed facts before the Court," instead of assessing whether the complaint contains sufficient allegations under a cognizable theory. Under the appropriate standard, Dunn has sufficiently stated claims upon which relief may be granted for false arrest, false imprisonment, and violations of his civil rights. Therefore, the Court denies the motion on these claims.

With regard to Dunn's outrage claim, he must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Wolf v. Scott Wetzel Servs., Inc.*, 113 Wn.2d 665, 677 (1989).  The Court agrees with Defendants that a peaceful false arrest without more is neither "atrocious" nor "utterly intolerable in a civilized society." *Id*.  Therefore, the Court grants Defendants' motion to dismiss this claim and grants Dunn leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

1048, 1052 (9th Cir. 2003) ("[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.").

### IV. ORDER

Therefore, it is hereby **ORDERED** that Dunn's motion for default (Dkt. 12) is **DENIED**, Defendant's motion to dismiss (Dkt. 7) is **GRANTED in part** and **DENIED in part**, and Dunn is **GRANTED** leave to amend his outrage claim. Dunn shall file an amended complaint no later than April 22, 2016.

Dated this 15th day of April, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge